# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18CR022 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| -vs- | : | |
| | : | |
| PHILLIP R. DURACHINSKY, | : | **MOTION TO SCHEDULE** |
| | : | **RESTORATION HEARING** |
| Defendant. | : | |

Phillip Durachinsky files this motion to request that, if the Court finds that he is not competent and commits him for restoration, it schedule a hearing in four months (or less) to determine whether he has been restored or there is a substantial probability that he will be restored to competency.

Under 18 U.S.C. § 4241(d), if the Court finds that a defendant is incompetent, that statute provides an initial four-month period for the Attorney General to hospitalize the defendant and evaluate whether there is a substantial probability that he will soon be restored:

> [T]he court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
> (A) his mental condition is so improved that the trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed according to law;

> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d).

The Sixth Circuit has made clear that this provision allows for an initial detention period of no more than four months: "We believe that this provision requires that a determination as to the individual's mental condition be made within four months, and that <u>the individual cannot be held pursuant to section 4241 in excess of four months</u> unless the court finds that the individual is likely to attain competency within a reasonable time." *United States v. Baker*, 807 F.2d 1315, 1320 (6th Cir. 1986) (emphasis added); *accord United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990) ("The statute limits confinement to four months, whether more time would be reasonable or not. Any additional period of confinement depends upon [additional court findings].").

This conclusion follows from the statute's text and the constitutional background. First, the text does not provide for a pause in the four-month period while the Attorney General decides where to send a defendant, while the Attorney General transports the defendant to that facility, or for any other reason. *See* 18 U.S.C. § 4241(d).

Second, the Supreme Court has held that due process allows only a limited period of confinement based on incompetence. In *Jackson v. Indiana*, 406 U.S. 715 (1972), the Court held that "a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial <u>cannot be held more than the reasonable period of time necessary</u> to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Id.* at 738 (emphasis added). Section 4241(d) codifies this constitutional requirement that a person cannot be held indefinitely after a finding of incompetency.

The Government has indicated that it believes the four-month period under section 4241(d) does not start until the defendant arrives at the designated facility for treatment. This interpretation would allow the Government, in its sole discretion, to delay the time for restoration indefinitely until it decides to transport the defendant. That conflicts with the Sixth Circuit's holding in *Baker* and the requirements of due process as articulated by the Supreme Court in *Jackson*.

True, the Ninth Circuit in one decision interpreted the four-month limit in section 4241(d) to run only when the defendant has been hospitalized. *See United States v. Donnelly*, 41 F.4th 1102, 1105 (9th Cir. 2022). But the court noted that it previously addressed similar delays in transport by affirming an injunction requiring hospitalization within seven days after commitment. *Id.* at 1107. Thus, even the *Donnelly* Court did not bless indefinite delays at the Government's discretion.

Under 18 U.S.C. § 4241(d), and consistent with the Sixth Circuit's holding in *Baker* and the due process requirements set forth in *Jackson*, Mr. Durachinsky asks the Court to schedule a hearing within four months to determine whether he has been restored or there is a substantial probability that he will be restored to competency.

Respectfully submitted,

STEPHEN C. NEWMAN

Federal Public Defender
Ohio Bar: 0051928

*/s/ Darin Thompson*
DARIN THOMPSON
Assistant Federal Public Defender
Ohio Bar: 0067093
*/s/ Christian J. Grostic*
CHRISTIAN J. GROSTIC
Assistant Federal Public Defender
Ohio Bar: 0084734
*/s/ Justin J. Roberts*
Assistant Federal Public Defender

        Ohio Bar: 0086168
        Office of the Federal Public Defender
        1660 West Second Street, Suite 750
        Cleveland, OH 44113
        (216)522-4856   Fax:(216)522-4321
        Email: darin_thompson@fd.org
                  christian_grostic@fd.org
                  justin_roberts@fd.org

(Counsel for Phillip Durachinsky)