# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18CR022 |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| -vs- | : | |
| PHILLIP R. DURACHINSKY, | : | **MOTION TO REVOKE DETENTION ORDER** |
| Defendant. | : | |

Under 18 U.S.C. § 3145(b), Phillip Durachinsky moves to revoke the Magistrate Judge's February 16, 2021, detention order. *See* R. 103, Detention Order. Although there is a presumption of detention (which applies in every case involving the same charges, regardless of the strength of the government's evidence), the evidence rebuts the presumption—in particular, Mr. Durachinsky's strong community ties, strong family ties, education, and no criminal history. And the government cannot carry its burden of establishing that no combination of conditions will reasonably assure his appearance and community safety. There is not even an allegation that Mr. Durachinsky has ever done anything violent. The need to prepare for trial further supports bond, as recognized in the Bail Reform Act. Moreover, there are constitutional concerns given the enormous length of pretrial detention already—over 8 ½ years. Courts have found that continued detention would violate the Due Process Clause and Equal Protection Clause even after far shorter time periods. On de novo review, *see United States v. Amir*, No. 1:10CR439, 2011 U.S. Dist. LEXIS 75640, *9 (N.D. Ohio Jul. 13, 2011), the Court should revoke the detention order and release Mr. Durachinsky on bond.

1

## I. The Court should order Mr. Durachinsky released on bond with conditions.

"When reviewing a pretrial detention order of a magistrate judge, the Court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *See Amir*, *9 (internal quotation marks omitted). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). As the Supreme Court has said, "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Congress codified this principle in the Bail Reform Act, 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. 18 U.S.C. § 3142(c)(1) (emphasis added). "A defendant may be detained pending trial only if a judicial officer 'finds that *no* condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Stone*, 608 F.3d at 945 (quoting 18 U.S.C. § 3142(e)(1)) (emphasis added) (alteration in *Stone*). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7 (1984)).

2

**a. Mr. Durachinsky's evidence rebuts the detention presumption.**

**i. A defendant need only produce only "some evidence" to rebut the presumption.**

The detention presumption "imposes only the burden of production on the defendant and does not shift the burden of persuasion concerning the risk of flight or dangerousness." *United States v. Travis*, No. 97-6102, 1997 U.S. App. LEXIS 30149, *3 (6th Cir. Oct. 28, 1997). The presumption is rebutted by "*[a]ny evidence* favorable to a defendant that comes within a category listed in § 3142(g) . . . including evidence of their marital, family and employment status, ties to and role in the community . . . and other types of evidence encompassed in § 3142(g)(2)." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (emphasis added); *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985) (holding that a defendant need only produce "some evidence" to rebut the presumption); *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985) (holding that a defendant needs only "to offer some credible evidence contrary to the presumption"). As long as a defendant "come[s] forward with some evidence, the presumption of flight risk and dangerousness "is 'rebutted.'" *Dominguez*, 782 F.2d at 707.

The government always bears the burden of *persuasion*. *See id.*; *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985); *Jessup*, 757 F.2d at 384. For example, to rebut the flight-risk presumption, a defendant does not "have to prove that he would not flee—i.e., he would [not] have to *persuade* the judicial officer on the point." *Jessup*, 757 F.2d at 380-81. It is the government's burden to prove that he *would* flee, and the Court can only consider the rebutted presumption among all the other evidence. *See Dominguez*, 783 F.2d at 707.

And even with the presumption, the Court should take care not to give it undue weight. For example, even in a presumption case, a judge may not detain a defendant "based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood

3

of future misconduct." *Id.* A defendant need not "demonstrate that [the type of crime charged] is not dangerous to the community." *Id.* at 706. And a Court may not require a defendant to "'rebut' the government's showing of probable cause" and detain a defendant solely based on the weight of the evidence." *Id.*

### ii. Mr. Durachinsky has rebutted the presumption.

There is more than just "some evidence that [Mr. Durachinsky] will not flee or endanger the community if released." *Dominguez*, 783 F.2d at 707. He is a lifelong resident of Northeast Ohio. *See* 18 U.S.C. § 3142(g)(3) (listing "length of residence in the community" and "community ties" as relevant factors). He has lived with his father and mother his entire life, and they are willing to take him into their home under any conditions deemed appropriate by the Court. *Id.* (listing "family ties" as a relevant factor). He has no criminal history, and he has no record of failing to comply with court orders, violating bond conditions, or the like. *Id.* (listing "criminal history" as a relevant factor). He has no history of substance abuse. *Id.* (listing "history relating to drug or alcohol abuse" as a relevant factor). If released, he will focus on preparing his case for trial. *See* R. 172, Detention Hr'g Tr. at 20-26.

### b. Mr. Durachinsky must be released because the government has not proven that there are no conditions that will reasonably assure appearance and safety.

The Court can order Mr. Durachinsky detained only if the government proves that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community"—the latter, by clear and convincing evidence. 18 U.S.C. § 3142(e)(1). It has not done so. Given Mr. Durachinsky's strong family and community ties, no criminal history, and not even an allegation of any violent conduct, some combination of these conditions will reasonably assure his appearance and the community's safety:

4

- Maintain or actively seek employment. *See* 18 U.S.C. § 3142(c)(1)(B)(ii);

- Restrict him to home confinement, with or without electronic monitoring. *See* 18 U.S.C. § 3142(c)(1)(B)(iv);

- Report on a "regular basis" to pretrial services. *See* 18 U.S.C. § 3142(c)(1)(B)(vi).

- Any other condition the Court finds appropriate, including no access to an internet connection. *See* 18 U.S.C. § 3142(c)(1)(B)(xiv).

Although unnecessary in this case, the Court even has the option of requiring a defendant to "return to custody for specified hours following release for employment, schooling, or other limited purposes." *See* 18 U.S.C. § 3142(c)(1)(B)(xiii). With even that condition available, the government cannot establish that *no* combination of conditions can reasonably assure Mr. Durachinsky's appearance and the community's safety.

### c. Mr. Durachinsky's release is necessary to allow him to prepare for trial.

If released, Mr. Durachinsky will focus on preparing for trial. On his own, he can review paper discovery, notes, and legal materials. He would access any computer files only at defense counsel's office and only on a non-internet-connected computer. His parents are able to allow monitoring of their cable internet account ensure pretrial services that the sole computer designated to allow Mr. Durachinsky to review discovery does not connect to any internet service. It is respectfully submitted that it is time to take a new approach to Mr. Durachinsky's case. He has been assigned new counsel now for the fourth time. In reviewing the psychiatric information provided to the undersigned, it seems that the restrictive environment and time limits of jail visits has contributed to Mr. Durachinsky's communication problems with counsel, and that these problems would be alleviated by releasing Mr. Durachinsky from his prolonged pretrial detention, when there is no evidence of a risk of flight or a danger to the community.

Mr. Durachinsky's release is necessary to adequately prepare for trial. As the government has repeatedly argued in other motions, the allegations against him involve a complex computer-software program and tens of thousands of pages of records involving that program. If the government's allegations are correct, Mr. Durachinsky is the only person who can explain to defense counsel and any consulting experts the workings of that program and what all those tens of thousands of pages mean. Trying to make that happen via intermittent jail visits and without any computer access is impossible.

Representations were previously made that Mr. Durachinsky did not want to be released unless he was allowed access to a computer with an internet connection. That is not accurate. As a condition of release, the Court may order that Mr. Durachinsky be allowed computer access only without an internet connection and only at counsel's office.

The Bail Reform Act recognizes that the presumption of innocence and the need to prepare for trial may itself warrant a person's release. *See* 18 U.S.C. § 3142(i). Combined with all the factors previously discussed, the need to prepare for trial only further supports releasing Mr. Durachinsky on appropriate conditions.

### d. Continued detention is constitutionally excessive.

The Due Process Clause and Equal Protection Clause also support Mr. Durachinsky's release. "[W]her a pretrial detention is unconstitutionally excessive is determined on a case-by-case basis." *United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012). The Sixth Circuit has found the Second Circuit's precedent "particularly instructive." *Id.* "Four factors [are] considered in determining if the pretrial detention is unconstitutionally excessive: (1) the length of the detention; (2) the extent of the prosecution's responsibility for the delay; (3) the gravity of the charges; and (4) the strength of the evidence upon which the detention was based." *Id.*

On the last factor, "[d]etention that has lasted for fourteen months and, without speculation, is scheduled to last considerably longer, points strongly to a denial of due process." *United States v. Gonzales Claudio*, 806 F.2d 334, 341 (2d Cir. 1986). And although the other factors weigh in as well, at some point the length alone outweighs the others. One court found that 50 months of pretrial incarceration "tends to make this case the 'rare' instance when the total length of pretrial detention by itself offends due process." *United States v. Rodriguez*, No. 09-CR-331A, 2012 U.S. Dist. LEXIS 181111, *31 (W.D.N.Y. Dec. 21, 2012). That court noted that the Second Circuit had never authorized pretrial detention lasting 50 months or more, and that even detention exceeding far less—30 months—had been authorized only when the cases "involved very high levels of dangerous criminal activity" and "a Continuing Criminal Enterprise or an 'unprecedented scope of violence' related to international terrorism." *Id.*; *see also United States v. Omar*, 157 F. Supp. 3d 707, 715-17 (M.D. Tenn. 2016) (collecting cases).

Mr. Durachinsky has been detained over 8 ½ years—over 103 months. One court, releasing a defendant after over four years of pretrial detention, noted that it could not find "any appellate authority which has addressed, let alone approved, pretrial detention of the length involved here." *Omar*, 157 F. Supp. 3d at 715. The defendant in that case was charged with conspiracy to commit sex trafficking, sex trafficking, obstruction of justice, and conspiracy to counterfeit access devices, with one count carrying a mandatory ten-year prison sentence if convicted. *Id.* at 711. Despite the seriousness of those charges, and despite being detained for approximately half the length of time Mr. Durachinsky has been detained, the court concluding that "continued imprisonment of Defendant for any appreciable length of time will violate the due process clause." *Id.* at 710. That is only more true in this case.

7

**II.     Conclusion**

Because there are conditions that will reasonably assure Mr. Durachinsky's appearance and the community's safety, and based on the need to prepare for trial and the constitutional problem with continuing to detain Mr. Durachinsky, the Court should revoke the detention order and release him on bond.

Respectfully submitted,

/s/ *Michael J. Goldberg*
Michael J. Goldberg (0040839)
Goldberg Dowell & Associates LLC
323 Lakeside Avenue, Suite 450
Cleveland, OH 44113
Tel: 216-696-4514
Fax: 216-781-6242
Email: goldberg@goldberg-lawfirm.com


/s/ *Timothy J Kucharski*
Timothy J. Kucharski (0062226)
Richardson & Kucharski
Ste. 190
1200 West Third Street
Cleveland, OH 44113
Tel: 216-857-3001
Fax: 216-574-9813
Email: timkuch@aol.com

(Counsel for Phillip Durachinsky)

## CERTIFICATE OF SERVICE

      I hereby certify that on January 9, 2026, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          /s/ *Michael J. Goldberg*
                                          Michael J. Goldberg (0040839)
                                          *Attorney for Defendant*