UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:18 CR 22 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| PHILLIP R. DURACHINSKY, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending before the court in the above-captioned case is Defendant Phillip

Durachinsky's ("Defendant" or "Durachinsky") Motion to Revoke Detention Order ("Motion") (ECF

No. 255). For the following reasons, the court grants the Motion.

## I. BACKGROUND

Defendant Phillip Durachinsky has been in the custody of the U.S. Marshals since his arrest

and arraignment on January 25, 2017. (ECF No. 3.) In other words, Mr. Durachinsky has been in

pretrial detention for more than nine years. Despite initially waiving his right to a detention hearing,

Mr. Durachinsky moved for release on bond in January 2021. Following a detention hearing, the

Magistrate Judge denied the motion because "based upon the nature and breadth of the instant

offenses, the lack of verifiable employment, and, based upon Defendant's statement that without computer access he does not want to be released, no condition or combination of conditions exist that would reasonably ensure the safety of the community." (Feb. 16, 2021 Detention Order at PageID 891, ECF No. 103.) Resultantly, Defendant's pretrial custody continued.

In the five years since the Magistrate Judge's detention order, the Government has filed a Superseding Indictment (ECF No. 150) and a Second Superseding Indictment (ECF No. 160), the court has twice found Defendant incompetent to stand trial and assist in his defense, and thus referred him to the custody of the Attorney General for competency restoration (ECF Nos. 184, 185, 219–221), and Defendant has changed counsel twice (Non-Doc Orders on July 27, 2021, August 5, 2021, and December 29, 2025). The instant Motion follows Mr. Durachinsky's most recent appointment of counsel[1], and the court's finding on December 5, 2025, that Mr. Durachinsky has been restored to competence to stand trial and assist in his defense. (ECF No. 250.)

Defendant filed the instant Motion to Revoke Detention Order (ECF No. 255) on January 9, 2026. The Government did not respond. Thus, the court evaluates the Motion as being unopposed.

## II. LEGAL STANDARD

A federal district court reviews a magistrate judge's pretrial detention order "de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Amir*, No. 1:10-CR-439, 2011 WL 2711350, at *3 (N.D. Ohio July 13, 2011) (quoting *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). This means that "the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F.Supp.2d 1125, 1129 (S.D. Ohio 2000). A court may rely on

---

[1]    Mr. Durachinsky's current counsel is his fourth since this case began.

the evidence and offers of proof presented at the original detention hearing before the magistrate judge, as well as additional evidence and offers of proof at its discretion. *United States v. Zapien*, No. 3:14-CR-37, 2014 WL 1028435, at *2 (M.D. Tenn. Mar. 17, 2014).

## III. DISCUSSION

Defendant raises four arguments in support of his Motion to Revoke Detention Order: 1) Defendant can rebut the presumption of detention; 2) the Government has not proven that there are no conditions that will reasonably assure Defendant's appearance and community safety; 3) Defendant's release is necessary to allow him to prepare for trial; and 4) Defendant's continued detention is unconstitutionally excessive.

### A.      Rebutting the Presumption of Detention

The Bail Reform Act provides that a defendant may be detained pending trial "only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'"*United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). Thus, the legal default is that a defendant should be released pending trial. *Stone*, 608 F.3d at 945. Nevertheless, certain offenses carry a rebuttable presumption of detention. *See* 18 U.S.C. §§ 3142(e)(2)–(3).

One such offense is a violation of 18 U.S.C. 2251(a), which Defendant is charged with here. *See* 18 U.S.C. § 3142(e)(3)(E). To rebut the presumption of detention, the defendant bears the "burden of production," while the government retains the "burden of persuasion." *Stone*, 608 F.3d at 945. A defendant satisfies his burden of production when he introduces at least some evidence that he does not pose a danger to the community or a risk of flight. *Id.*

Here, Defendant presents the following evidence to show he does not pose a danger to the community or a risk of flight: 1) his status as a lifelong resident of Northeast, Ohio; 2) his parents' willingness to take him into their home under any conditions deemed appropriate by the court; 3) his lack of a criminal history, as well as his history of complying with court orders and bond conditions; and 4) his lack of a substance abuse history. (Mot. at PageID 2103.)

Taken together, this evidence satisfies Defendant's burden of production that he does not pose a danger to the community or a risk of flight.

**B.      Conditions that Will Reasonably Assure Appearance and Safety**

Even if the defendant rebuts the presumption, 18 U.S.C. § 3142(e) requires detention if the court finds by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community, or if a preponderance of the evidence shows that no conditions will reasonably assure the defendant's appearance at future proceedings.

To determine whether conditions of release exist that will reasonably assure the defendant's presence at trial and the community's safety, district courts consider: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including their character, mental and physical condition, family and community ties, employment status, financial resources, criminal history, substance-abuse history, and probation or supervised release status; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release. 18 U.S.C. § 3142(g).

Defendant asserts that he has strong family and community ties, no criminal history, and no allegations of violent conduct. (Mot. at PageID 2103.) As such, he argues, that there is a combination of conditions that will reasonably assure his presence at trial and the community's safety, such as

requiring Defendant to maintain or actively seek employment, restrict Defendant to home confinement with or without electronic monitoring, require Defendant report to pretrial services on a regular basis, and restrict Defendant's access to an internet connection. (*Id.* at 2104) (citing 18 U.S.C. § 3142(c)(1)(B).) The Government, on the other hand, did not respond to the instant Motion, and so does not present evidence that no conditions of release will reasonably assure the safety of the community or Defendant's appearance at future proceedings.

Given the unopposed nature of Defendant's arguments, and the range of conditions the court can set on Defendant's release, including prohibiting his access to the internet, the court finds that the Government cannot establish that *no* combination of conditions can reasonably assure Defendant's appearance at trial and the community's safety. Accordingly, Defendant's continued detention is unwarranted.

### C.    Necessary for Trial Preparation

Defendant next argues that his release is necessary to allow him to prepare for trial, and that if released, preparing for trial is what he will focus on. (Mot. at PageID 2104.) The court agrees. Defendant has shown throughout the pretrial process that he is intensely interested in being involved with all aspects of his case, and wishes to be extremely interactive with his counsel. Thus, his release is likely to enhance his ability to explain to defense counsel and any consulting experts the workings of the complex computer software program at the center of the Government's allegations (*Id.* at PageID 2105), as well as the many other litigation-related issues at which he is interested.

Furthermore, the court is persuaded that should Defendant be released, his focus will be on preparing for trial, and that such preparation can be appropriately restricted by conditions on Defendant's access to computer files and the internet. For example, Defendant's parents, with whom

he will live should he be released, are able to allow monitoring of their cable internet account, therefore ensuring pretrial services that the sole computer Defendant has access to at home to review discovery is not connected to the internet. (*Id.*)

Therefore, the court finds release from pretrial detention necessary for Defendant to prepare for trial.

**D.      Continued Detention is Constitutionally Excessive**

Lastly, Defendant argues that the Due Process Clause and Equal Protection Clause support his release because his pretrial detention is unconstitutionally excessive. (Mot. at PageID 2105.) The court acknowledges that the amount of time Defendant has been detained, over nine years, is lengthy, and that other courts have found detention for even half as much time to be excessive. *See United States v. Omar*, 157 F. Supp. 3d 707, 715 (M.D. Tenn. 2016) (granting motion to revoke detention order where defendant had been detained for more than 4 years, and collecting cases where detention between 14 and 27 months was found to be excessive). Nevertheless, the court declines to reach the merits of this argument because Defendant's Motion succeeds based on his first three arguments.

## IV. CONCLUSION

For the foregoing reasons, the court finds that Defendant has rebutted the presumption of pretrial detention, that the Government cannot establish that no combination of conditions can reasonably assure Defendant's appearance at trial and the community's safety, and finally that release is necessary for Defendant's trial preparation. Therefore, the court hereby grants Defendant's Motion to Revoke Detention Order (ECF No. 255), and orders his release pending trial seven days from the date of this Order.

A separate Order setting the appropriate terms and conditions that will ensure the safety of

the community and Defendant's presence at trial and all pretrial proceedings will issue prior to the

expiration of that seven day period.

       IT IS SO ORDERED.

                                                */s/ SOLOMON OLIVER, JR.*
                                                UNITED STATES DISTRICT JUDGE

April 2, 2026